UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Emmanuel Terrell, 43730-019, | ) | C/A No. 4:08-2228-HFF-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| | ) | |
| United States Justice Department; | ) | |
| Federal Bureau of Prisons; | ) | |
| Warden John R. Owen; | ) | |
| AW Bobby Meeks; | ) | |
| Southeast Regional Director Holt, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, acting *pro se*,  brought this action alleging civil rights violations pursuant to

42 U.S.C. § 1983 on June 16, 2008.[1] Plaintiff alleges several constitutional violations including the

allegation that he has been placed in the Special Housing Unit (SHU) for refusing to talk to prison

officials and a claim under the Federal Torts Claim Act alleging that certain personal property was

stolen from his cell during incarceration in the SHU.

This matter is before the court on Plaintiff's motion filed August 28, 2008, entitled "motion

to be transfer[sic]." In this motion, Plaintiff states that he is housed in the Special Housing Unit at

FCI Williamsburg pending transfer to another institution. Plaintiff asserts that he is allowed limited

time in the law library and he has received "hostile behavior and looks from defendants and

defendants fellow associates." Thus, plaintiff requests that the court grant an order to have him

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of
28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive
motion, the report and recommendation is entered for review by the District Court Judge.

moved to FCI Atlanta or FCI Talladega. The undersigned construes this motion (Doc.#8) as a request for preliminary injunctive relief.

The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979). See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the Plaintiff if the relief is not granted and the likelihood of harm to the Defendants if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750. Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As noted, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting Plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on

2

them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order.  Importantly, the Plaintiff has failed to show that he will suffer irreparable harm if preliminary relief is not granted.  A review of the Plaintiff's motion reveals that he has not shown that he has been denied access to legal materials but only claims he has limited time in the law library and asserts that he does not have the help of an inmate law library clerk to assist him in research. Plaintiff has not asserted and/or provided any information about any other kind of emergency or imminent dismissal, etc. with respect to this case or any other pending action.

Also in the motion, Plaintiff asserts that the sentencing judge recommended to the Bureau of Prisons (BOP) that "the plaintiff be confined at the Atlanta Prison Camp or a facility near the Atlanta area." (Doc. #8). Additionally, Plaintiff alleges in his motion that he has received "hostile looks from defendants and defendants fellow associates at this facility."  Importantly, the plaintiff has not shown or provided any evidence that he is currently subject to a real and immediate threat of physical harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983). In addition, plaintiff has failed to make a sufficient showing of a likelihood of success on the merits. Furthermore, a prisoner has no due process right to be housed in any particular facility.  Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Plaintiff does not address any type of prejudice to BOP, SCDC, or to the public interest that might result should his request for an injunction be granted in this case.  He does not suggest why this Court should step in at this time and place limits on the discretion of prison officials. Therefore, it is recommended that Plaintiff's motion for an Order to Transfer should be DENIED (Documents #8).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 22, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3