UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EMMANUEL TERRELL, ) | Civil Action No.: 4:08-cv-2228-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, FEDERAL BUREAU ) | |
| OF PRISONS, WARDEN JOHN R. ) | |
| OWEN, AW BOBBY MEEKS and ) | |
| SOUTHEAST REGIONAL DIRECTOR ) | |
| HOLT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint, housed at the Federal Correctional Institution Williamsburg (FCI Williamsburg). Plaintiff raises numerous constitutional claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971) as well as tort claims under the Federal Tort Claims Act (FTCA).[1]

Presently before the Court is Defendants' Motion to Dismiss and for Summary Judgment (Document # 40) and Plaintiff's Motion for Default Judgment (Document # 45). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion could result in the dismissal of his claims.

---

[1] Plaintiff originally filed his Complaint as a habeas petition under 28 U.S.C. § 2241. However, he later amended his Complaint to remove any habeas claims.

Plaintiff timely filed a Response (Document # 43) on January 30, 2009.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff first alleges generally that he has been placed in the Special Housing Unit (SHU) at FCI Williamsburg for harassment purposes "more time then (sic) he would like to remember." Complaint at 2. He further alleges that he was illegally placed in SHU on November 28, 2007, and personal property in the amount of $136.00 was taken from him. Plaintiff also alleges that on July 8, 2007, he sustained injuries at FCI Williamsburg and did not receive medical attention until the following day.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1), Fed.R.Civ.P.

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

### B. Rule 12(b)(2), Fed.R.Civ.P.

When a defendant files a motion to dismiss the plaintiff's complaint for lack of personal

jurisdiction under Rule 12(b)(2), the plaintiff must prove jurisdiction by a preponderance of the evidence. Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 59-60 (4th Cir.1993). When a court declines to hold an evidentiary hearing and decides to rely on the parties' pleadings, affidavits, and other legal documents, the plaintiff faces a lesser standard such that the plaintiff only must "make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

**C.      Rule 56(c), Fed.R.Civ.P.**

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may

not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

IV.    DISCUSSION

   A.    **Plaintiff's Motion for Default Judgment**

Plaintiff seeks default judgment for Defendants' failure to file an answer or otherwise address the claims raised in his Complaint. Although Plaintiff acknowledges that Defendants filed a Motion to Dismiss, he asserts that they failed to address his claims other than to raise a qualified immunity defense.

The record reveals that the United States Attorney was served September 25, 2008,

Defendants Owen and Meeks were served on October 3, 2008, the United States Department of Justice was served October 6, 2008, and Defendant Holt was served September 26, 2008. Pursuant to Rule 12(a)(2) and (3), a responsive pleading was due sixty days after service.

Prior to the sixty day deadline, on November 21, 2008, Defendants filed a Motion for Extension of Time (Document # 33) to answer or otherwise plead. The undersigned granted the Motion and extended the deadline for all Defendants until January 8, 2009 (Document # 35).

On January 6, 2009, Defendants filed a Motion to Dismiss and Motion for Summary Judgment (Document # 40).

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). Defendants have not failed to otherwise defend. Their Motion to Dismiss is a responsive pleading. Thus, Plaintiff's Motion for Default Judgment is without merit and should be denied.

B. **Defendants' Motion to Dismiss and for Summary Judgment**

1. **Subject Matter Jurisdiction**

a. **Bivens Claims**

Defendants argue that this court lacks jurisdiction over Plaintiff's claims against Defendants in their official capacity. Defendants assert that as this action is construed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), it is a suit against a federal agency or federal official which is actually a suit against the United States. Thus, Defendants assert that by naming the employees, he is actually bringing suit

against the United States and that the doctrine of sovereign immunity shields the United States from suit absent its consent to be sued. As the United States has not consented to be sued, Defendants argue the courts lack jurisdiction over Plaintiff's claims against Defendants in their official capacities and the claims should be dismissed.

Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir.1983) ( Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Plaintiff's Bivens action cannot lie against the United States nor against the individual defendants in their official capacities. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (the United States cannot be sued without its express consent.); Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983); Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.1983) ( Bivens does not allow for recovery of money damages, or suits in general, against the government itself.). Thus, to the extent defendants are being sued under Bivens in their official capacities, the claims are barred by the doctrine of sovereign immunity. Sovereign immunity does not bar damage actions against federal officials in their individual capacities for violation of an individual's constitutional rights. Gilbert v. Da Grossa, 756 F.2d 1455, 1459 (citing Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846(1979). Thus, to the extent Defendants are being sued in their individual capacities under Bivens, Plaintiff's claims are not barred by the doctrine of sovereign immunity.

In sum, Plaintiff's claims for monetary damages against the United States, Bureau of Prisons, Department of Justice, and Owen, Meeks and Holt in their official capacities should be dismissed for lack of subject matter jurisdiction as these Defendants enjoy sovereign immunity.

### b. FTCA claims

Defendants argue that under the FTCA, the United States is the only proper defendant as agencies cannot be sued under the FTCA and personal capacity suits against employees are not cognizable under the FTCA.

Personal capacity suits against employees are not cognizable under the FTCA. 28 U.S.C. § 2679(b)(1). Furthermore, agencies cannot be sued under the FTCA. 28 U.S.C. § 2679(a). The United States is the only proper defendant under the FTCA. 28 U.S.C. 1346(b)(1). Therefore, Plaintiff's claims under the FTCA against Owen, Meeks, Holt, the Bureau of Prisons and the Department of Justice should be dismissed.

### 2. Personal Jurisdiction

Defendants next argue that this Court lacks personal jurisdiction over Defendant Holt. Defendant Holt is the Regional Director for the Southeast Region of the Bureau of Prisons. His office is located in Atlanta, Georgia. Hollett Aff. at ¶15. There are no specific allegations against Defendant Holt in the Complaint.

There are two types of personal jurisdiction: general and specific. A court has general jurisdiction over a cause of action that arises outside of the forum state. See Calder v. Jones, 465 U.S. 783, 786, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). General jurisdiction is permissible under the due process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue ... is ... one of general fairness to the [defendant]." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

The United States Supreme Court articulated a two-branch due process test for determining

specific jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291(1980). The first, the traditional minimum contacts branch, focuses on the defendant's connection with the forum state and the relationship between that connection and the litigation. Burger King Corp., 471 U.S. at 471-76. The second branch is frequently referred to as the fairness, convenience, or reasonableness branch. Beyond the requirement of minimum contacts, due process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. Id. at 476 (quoting Int'l Shoe Co., 326 U.S. at 320).

Plaintiff has the burden of establishing jurisdiction over Holt. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). As stated above, Plaintiff asserts no claims against Holt in his Complaint. In his Response to Defendants' Motion, Plaintiff states that Holt is liable for "turn[ing] a blind eye on every individual that has filed a grievance." Response at 4. Such a bald, conclusory allegation is not enough to establish sufficient contacts for this Court to exercise either general or specific jurisdiction over Holt. See Thornton v. Quinlan, 864 F.Supp. 90, 92 (S.D.Ill.1994) (declining to exercise jurisdiction over Director of Bureau of Prisons whose only contacts with Illinois were in his official capacity) (cited with approval, Adkins v. Federal Bureau of Prisons, 2007 WL 904797 *8 (D.S.C. Feb.20, 2007)). Accordingly, Holt should be dismissed from this action for lack of personal jurisdiction.

    3.    **Exhaustion of Remedies**

        a.    **Bivens Claims**

Defendants assert that Plaintiff has failed to exhaust his administrative remedies with respect to his constitutional claims.

In 1995, Congress enacted the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997 e(a) (1996)), which mandates federal prisoners exhaust their administrative remedies prior to filing civil actions. See Booth v. Churner, 532

U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The pertinent provision of the Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (as amended). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." Porter v. Nussle, 534 U.S. 516, 524 (2002)(internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532. Thus, federal prisoners suing under Bivens, must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. Id. Exhaustion is a threshold requirement which must be satisfied in order for prisoner complaints to proceed. See Jones, 549 U.S. at 216; Booth, 532 U.S. at 741(exhaustion required even where prison grievance system does not permit award of money damages); Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998)(PLRA requires prisoner to submit claim for monetary and injunctive relief to prison grievance program, even if relief offered by program does not appear to be effective and speedy). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532.

The Bureau of Prisons has a three-tiered administrative grievance process. See 28 C.F.R. §§ 542.10 et seq. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. § 542.14.

The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a). Thus, a claim has not been administratively exhausted until it has been filed with the General Counsel.

Jennifer Hollett is a Senior Attorney with the United States Department of Justice, Federal Bureau of Prisons. Hollett Dec. at ¶ 1. She declares that she has reviewed the Administrative Remedy log that details all formal requests filed by Plaintiff and that he has not exhausted his remedies with respect to the constitutional claims raised in his Complaint. Id. at ¶ 8. A copy of the Administrative Remedy log is attached to Hollett's Declaration. Although Plaintiff has filed grievances regarding his placement in SHU, alleged harassment by staff members due to his non-cooperation, and alleged lack of due process in disciplinary hearings, Plaintiff failed to properly file these grievances or appeal them once a decision was issued. Hollett Dec. at ¶¶ 10-13 and attachment 1. Accordingly, Plaintiff has failed to properly exhaust his administrative remedies and dismissal of his constitutional claims is appropriate.

    b.  **FTCA Claims**

Section 2401(b), Title 28 of the United States Code requires that claims brought under the FTCA be presented to the appropriate agency within two years after the claim accrues. Also, the claim must be "presented" prior to an action being commenced in court. 28 U.S.C. § 2675(a). Section 2675(a) states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been

finally denied by the agency in writing and sent by certified or registered mail.

The presentment of an administrative claim is jurisdictional and cannot be waived. Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986). "Presenting" a claim requires written notification and a claim for money damages in a sum certain. 28 C.F .R. § 14.2(a). Section 14.2(a) has been interpreted to be satisfied "if the notice (1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on her claim."[2] Ahmed v. United States, 30 F.3d 514,517 (4th Cir.1994) (internal citations and quotations omitted). The "notice" prong of the administrative claim requires "adequate notice [to the Government] to properly investigate the underlying incident so that it may either reasonably assess its liability or competently defend itself." Drew v. United States, 217 F.3d 193, 197 (4th Cir.2000).[3]

Here, Plaintiff filed an administrative claim under the FTCA seeking compensation for several items of missing personal property as a result of his placement in the SHU on November 28, 2007. See U.S. Dep't of Justice Letter dated April 21, 2008 (attached to Plaintiff's Amended Complaint). An investigation was conducted and denied via letter dated April 21, 2008. Id. Plaintiff has exhausted his remedies under the FTCA with respect to the property claim.

However, to the extent the court construes Plaintiff's allegations of deficient medical care as

---

[2] But see Spivey v. United States, 912 F.2d 80, 84 (4th Cir.1990) (amount in excess of the sum certain claimed in the administrative claim may be claimed in litigation if based upon newly discovered evidence not reasonably discoverable at time of filing administrative claim or intervening facts).

[3] As noted in Drew, "in enacting § 2675, Congress sought 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' S. Rep. NO. 1327, 89th Cong., 2d Sess. 2 (1966), reprinted in 1966 U.S.C.C.A.N. 2515, 2516.... The purpose of this notice 'is to protect the [Government] from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit.' S.Rep. at 7; 1966 U.S.C.C.A.N. at 2517." Drew, 217 F.3d at 198, n. 3.

claims under the FTCA, those claims must be dismissed. Plaintiff has not filed any administrative claim with the Bureau of Prisons claiming the denial of medical care or challenging the care he received or other conditions of confinement. Hollett Aff. at ¶16. As such, any medical claims or conditions of confinement claims construed under the FTCA must be dismissed for failure to exhaust.

### 4. Merits of FTCA Claim

Plaintiff's only viable claim is his FTCA claim against the United States for the alleged personal property that was taken when he was placed in SHU on November 28, 2007.

As alleged by Plaintiff, he was placed in SHU on November 28, 2007. When the officer went to pack his property from his cell, he found that Plaintiff's personal property was stored in his secured locker and in bins under the bed. Memorandum dated February 6, 2008 (attached as Ex. B to Defendants' Motion). This property was inventoried, secured and transported to the SHU where, on December 2, 2007, the items were again inventoried by an officer in Plaintiff's presence. Inmate Personal Property Record (attached as Ex. C to Defendants' Motion). At no time during this review did Plaintiff indicate that any of his property was missing. Id. Instead, he signed the property inventory form, certifying that the form was accurate and that all his property was present and accounted for. Id. His property was inventoried in his presence again on December 3, 2007. Id. As before, Plaintiff was given the opportunity to indicate if any items were missing. Id. He did not identify anything that was missing and signed the inventory form, certifying the accuracy of the inventory and that all his property was present and accounted for. Id.

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope ... of employment." 28 U.S.C. § 1346 (b). The United States may be held liable only if the conduct complained of amounts to negligence "in accordance with the

law of the place where the act or omission occurred." Id.

Federal courts are directed to base the Government's liability determination upon an analysis under state law. Accordingly, Plaintiff's claim of negligent property loss should be evaluated in accordance with South Carolina tort law. In South Carolina, "[t]o establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 339 S.C. 417, 422, 529 S.E.2d 710, 712 (2000). "A determination of negligence, standing alone, is a far cry from a determination of liability. Liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence." Hinds v. Elms, 358 S.C. 581, 585, 595 S.E.2d 855, 857 (Ct.App.2004).

The Bureau of Prisons is not an insurer of inmate safety or property. Jones v. U.S., 534 F.2d 53, 54 (5th Cir. 1976); Mathis v. United States, 2007 WL 2579977 (D.S.C. Sept.5, 2007); Jackson v. U.S., 24 F.Supp.2d 823, 833 (W.D.Tenn. 1998); Turner v. Miller, 679 F.Supp. 441, 444 (M.D.Penn. 1987). Similarly, courts have yet to recognize that the Federal Bureau of Prisons must guarantee the absolute safekeeping of a prisoner's property. See Kimberly v. Manspeaker, Civil No. 95-3091-RDR, 1998 WL 159014, *2 (D. Kan. March 13, 1998). ("Federal prison officials are not the insurers of an inmate's property").

Plaintiff fails to show that the officials who inventoried his property when he was placed in SHU engaged in negligent or wrongful conduct. The record clearly reveals that Plaintiff was allowed to inventory his property at the time he was placed in SHU and again upon his release from SHU. At no time did he advise anyone that property was missing and he signed the property forms on both occasions to certify the accuracy of the inventory. Plaintiff fails to produce any evidence to the contrary. In his Response, Plaintiff asserts that he was mentally stressed at the times he reviewed the

inventory. However, Plaintiff's conclusory allegations, without more, are insufficient to create an issue of fact. Accordingly, summary judgment is appropriate on this claim. See, e.g., Wolff v. Hood, 242 F.Supp.2d 811, 820-21 (D.Ore.2002) (granting summary judgment on FCTA claim regarding loss of inventory where inmate signed inventory sheet); Riley v. United States, 938 F.Supp. 708 (D.Kan.1996) (plaintiff waived claims with regard to lost property where he signed inventory sheet); and Nesbitt v. United States, C/A No. 1:06-cv-102, 2007 WL 2417082, *6 (N.D.W.Va., Aug.21, 2007)(plaintiff waived claims of lost property where he signed inventory sheet).

## V. CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 45) be denied, Defendants' Motion to Dismiss and for Summary Judgment (Document # 40) be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, all remaining motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 12, 2009
Florence, South Carolina

**The parties are directed to the important notice on the following page.**